IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00959 |
| ) | |
| MARKUS ROHRBASSER ) | |
| ) | |
| Defendant. ) | AUGUST 5, 2024 |
| ) | |

**DEFENDANT MARKUS ROHRBASSER'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Markus Rohrbasser, through his undersigned counsel, hereby answers the Complaint (Doc. No. 1) and asserts affirmative defenses as follows:

**GENERAL DENIAL OF LIABILTY**

Defendant generally denies any liability arising from any of the allegations asserted by the United States in the Complaint. Any allegation in the Complaint which is not expressly admitted below is denied.

**SPECIFIC RESPONSES TO THE ALLEGATIONS IN THE COMPLAINT**

The unnumbered introductory paragraph does not require a response but to the extent a response is deemed required, Defendant denies the allegations stated therein and leaves Plaintiff to its proof.

**Jurisdiction and the Parties[1]**

1.    This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the same and leaves Plaintiff to its proof.

---

[1] For the sake of clarity and ease of reference, this Answer includes the Government's section headings. By including these subheadings, Defendant does not admit to their substance. Except as otherwise admitted in this Answer, all of the Government's allegations are denied.

2. Admitted.

3. Admitted.

4. Admitted.

### Legal Duty to Report Foreign Financial Accounts

5. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the same and leaves Plaintiff to its proof.

6. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the same and leaves Plaintiff to its proof.

7. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the same and leaves Plaintiff to its proof.

8. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the same and leaves Plaintiff to its proof.

9. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the same and leaves Plaintiff to its proof.

10. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the same and leaves Plaintiff to its proof.

11. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the same and leaves Plaintiff to its proof.

12. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the same and leaves Plaintiff to its proof.

### Factual Background

13. Defendant admits that he is the former Chief Executive Officer ("CEO") of UBS North America and that he has had, over some period of time (the dates being unspecified in the Paragraph 13), a financial interest in, or signature or other authority over multiple Swiss bank

accounts with an aggregate high account balance ranging from about $3 million to $8.5 million per year.  Defendant denies the remaining allegations of Paragraph 13.

14. Defendant admits so much of this paragraph as alleges that he held certain accounts at UBS AG/Switzerland. Defendant is lacking knowledge and information sufficient to admit or deny the allegations relating to specific accounts and dates for the accounts at UBS, Notenstein, Lombard and Wegelin during the specific years listed and therefore leaves the Plaintiff to its proof.

15. Defendant admits he had a financial interest in, or signature or other authority over, the accounts at Notenstein Privatbank AG ("Notenstein") in Switzerland listed in Paragraph 14 at various points in time, but is without sufficient knowledge and information to admit or deny the specific holding dates listed in Paragraph 14 and so leaves the Plaintiff to its proof, and denies the same.  Defendant admits that the Notenstein accounts at various points in time, which are not specified, held funds transferred from other banks, life insurance investment vehicles, and at some date currently not known, funds from Sopran Investment Inc. Any remaining factual allegations of this Paragraph 15 are denied for lack of sufficient knowledge and information and Plaintiff is left to its proof.

16. Defendant denies the allegations in Paragraph 16 and leaves Plaintiff to its proof. However, Defendant admits that at some point in time not identified in Paragraph 16, he took personal ownership and control of the assets and accounts of Sopran.

17. Admitted.

18. Defendant denies the allegations in Paragraph 18 and leaves Plaintiff to its proof. However, Defendant admits that at some point in time not identified in Paragraph 18, he took personal ownership and control of the assets and accounts of Sopran.

19. Defendant is without sufficient knowledge and information to admit or deny the specific allegations of Paragraph 19. However, Defendant admits that at some point in time not plead in Paragraph 19, he took personal ownership and control of the assets and accounts of Sopran.

20. Admitted that Defendant "managed his accounts and interacted with the foreign banks—he had face-to-face meetings with Swiss banks and also made telephone calls from the U.S. to the Swiss banks to discuss his investments." The balance of Paragraph 20 sets forth editorial comments, to which Plaintiff is left to its proof, and Defendant denies the same.

### Rohrbasser's Willful Failure to File FBARs

21. Defendant admits that he failed to file timely and/or accurate FBARs for several years and that he knew or should have known of the FBAR filing requirement. Defendant is without sufficient knowledge or information to admit or deny the specific account holding dates and years for which he failed to file timely and/or accurate FBARs for all accounts listed as the "Foreign Accounts" in Paragraph 21 and so leaves the Plaintiff to its proof.

22. Defendant admits so much of this Paragraph as alleges he is well-educated and has held senior positions at global financial and insurance institutions. As to the remaining allegations of Paragraph 22, Defendant leaves Plaintiff to its proof.

23. Admitted.

24. Defendant admits he was CEO of UBS North America from 1992 to 1996 and that he was responsible for numerous employees and UBS business in the United States. Defendant admits that his career at UBS spanned from 1978 to 1996 and included management roles within various divisions including capital market and corporate finance. As to the remaining allegations, Defendant leaves Plaintiff to its proof, and denies the same.

25. Admitted.

26. Admitted.

27. Defendant is without sufficient knowledge and information required to admit or deny all allegations of Paragraph 27 and leaves the Plaintiff to its proof, and denies the same.

28. This paragraph, and subparagraphs (a) through (c) inclusive, call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the same and leaves Plaintiff to its proof.

29. Defendant admits that he took steps to conceal his financial interest in certain foreign accounts he held at various times, and he did not use a U.S. address on Swiss bank accounts because the banks held the account statements at their institutions. He denies that he utilized Sopran to hold accounts in its name as alleged in Paragraph 29(a). As to remaining factual allegations in this Paragraph 29 and subparagraphs (a) through (e) inclusive, Defendant is without sufficient information and knowledge required to admit or deny them and leaves Plaintiff to its proof.

30. Defendant admits that he made this admission to the IRS in the course of his Offshore Voluntary Disclosure Initiative ("OVDI") submission.

31. Defendant admits so much of Paragraph 31 as alleges that his Schedule B filed with his U.S. income tax returns for 2004 through 2006 did not accurately report his financial interest in all foreign bank accounts he then held. In addition, Defendant admits that from 2004 through 2010, he checked the "yes" box on Schedule B disclosing that he had interest in foreign bank accounts. Defendant denies that he did not file an FBAR at all and for all such years and all foreign accounts in which he held a financial interest. All other allegations in Paragraph 31 are denied and Plaintiff is left to its proof.

32. Defendant admits he failed to report some foreign-earned income on his tax returns but is without sufficient knowledge and information as to whether the returns in question were 2004 through 2010 and how much tax loss was incurred. Therefore, he denies the allegations in Paragraph 32 and leaves Plaintiff to its proof.

33. Defendant admits that he late-filed certain tax returns. As to the allegation that "Rohrbasser has a pattern of concealing tax information and impeding administration of the U.S. tax laws by late-filing returns, concealing information from his return preparer, and not responding to the IRS's requests," this constitutes a legal conclusion to which no response is required and, therefore, Defendant leaves Plaintiff to its proof and denies the same. As to the remaining allegations of Paragraph 33 (including subparagraphs a-d), Defendant is without sufficient information with which to formulate a response thereto and, therefore, Defendant leaves Plaintiff to its proof and denies the same.

34. Defendant admits the first sentence of Paragraph 34 and admits he was removed from the OVDI program for failure to pay a settlement amount in one lump sum because the IRS rejected his request for a payment plan. He denies the remaining allegations in Paragraph 34.

35. Admitted.

36. Denied.

37. Defendant is without sufficient knowledge and information to admit or deny the allegations in Paragraph 37 and so leaves Plaintiff to its proof.

**Count I: Judgment for Civil Penalties (31 U.S.C. Sec. 5321(A)(5))**
**(Claim Against Markus Rohrbasser)**

38. Defendant incorporates by reference all responses to the allegations set forth in Paragraphs 1 through 37.

39. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the same and leaves Plaintiff to its proof.

40. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the same and leaves Plaintiff to its proof.

41. Admit.

42. Defendant admits that balances within his foreign bank accounts held during the time periods in question contained aggregate balances of more than $10,000 each year. However, he is without sufficient knowledge or information to admit or deny the specific account holding dates for all accounts listed as the "Foreign Accounts" in Paragraph 14 and so denies the allegations in Paragraph 42 and leaves the Plaintiff to its proof.

43. Admitted.

44. Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 44 and so denies them and leaves Plaintiff to its proof.

45. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the same and leaves Plaintiff to its proof.

46. The allegations in Paragraph 46 including the table refer to documents that have not been provided by Plaintiff to Defendant and so Defendant is without sufficient knowledge and information to admit or deny the allegations of this Paragraph. Therefore, Defendant denies the allegations and leaves Plaintiff to its proof.

47. The allegations in this Paragraph refer to documents that have not been provided to the Defendant and so Defendant is without sufficient knowledge and information to admit or deny the allegations. Therefore, Defendant leaves Plaintiff to its proof, and denies the same.

48. Defendant is without sufficient knowledge and information to admit or deny the allegations of this Paragraph 48. Therefore, Defendant denies the allegations and leaves Plaintiff to its proof.

49. The allegations in this Paragraph refer to documents that have not been provided by Plaintiff to Defendant and so Defendant is without sufficient knowledge and information to admit or deny the allegations of this Paragraph. Therefore, Defendant denies the allegations and leaves Plaintiff to its proof.

50. The allegations in this Paragraph refer to documents that have not been provided by Plaintiff to Defendant and so Defendant is without sufficient knowledge and information to admit or deny the allegations of this Paragraph. Therefore, Defendant denies the allegations and leaves Plaintiff to its proof.

51. The allegations in this Paragraph refer to documents that have not been provided by Plaintiff to Defendant and so Defendant is without sufficient knowledge and information to admit or deny the allegations of this Paragraph. Therefore, Defendant denies the allegations and leaves Plaintiff to its proof.

52. The allegations in this Paragraph refer to documents that have not been provided by Plaintiff to Defendant and so Defendant is without sufficient knowledge and information to admit or deny the allegations of this Paragraph. Therefore, Defendant denies the allegations and leaves Plaintiff to its proof.

53. The allegations in this Paragraph refer to documents that have not been provided by Plaintiff to Defendant and so Defendant is without sufficient knowledge and information to admit or deny the allegations of this Paragraph. Therefore, Defendant denies the allegations and leaves Plaintiff to its proof.

54.     The allegations in this Paragraph refer to documents that have not been provided by Plaintiff to Defendant and so Defendant is without sufficient knowledge and information to admit or deny the allegations of this Paragraph. Therefore, Defendant denies the allegations and leaves Plaintiff to its proof.

Plaintiff's unnumbered prayer for relief does not require a response.  To the extent a response is deemed required, Defendant denies the allegations in the prayer for relief and leaves Plaintiff to its proof.

## AFFIRMATIVE DEFENSES

The Defendant asserts the following Affirmative Defenses to the allegations in the Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Claims in the Complaint are barred by the relevant statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

The penalties at issue were not properly assessed.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's failure to timely disclose his foreign bank accounts was due to reasonable cause.

## **FIFTH AFFIRMATIVE DEFENSE**

The penalties violate the Eight Amendment of the United States Constitution.

          Respectfully submitted,

By    /s/ Lisa E. Perkins
Jeffrey M. Sklarz (ct20938)
Lisa E. Perkins (ct23164)
Green & Sklarz, LLC
One Audubon Street, Third Floor
New Haven, CT 06511
(203) 285-8545
Fax: (203) 823-4546
jsklarz@gs-lawfirm.com
lperkins@gs-lawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the date set forth below a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Date:  August 5, 2024                                                              /s/ Lisa Perkins